**NGHIA HUU TANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–71507.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2010.

Filed July 21, 2010.

Matt Adams, Northwest Immigrant Rights Project, Seattle, WA, for Petitioner.

Jesse David Lorenz, Esquire, Trial, Gladys Marta Steffens Guzman, Esquire, Craig Alan Newell, Jr., Esquire, Trial, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER and N.R. SMITH, Circuit Judges, and WALTER, Senior District Judge.*

* The Honorable Donald E. Walter, Senior United States District Judge for Western Louisiana, sitting by designation.

MEMORANDUM **

Nghia Huu Tang petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA). We dismiss the petition.

Assuming (as the parties do) that Or. Rev.Stat. § 164.325 does not categorically qualify as a crime of violence, Tang's conviction for first degree arson constituted an aggravated felony under the modified categorical approach. The judgment makes clear that Tang was found guilty of the crime in Count 1 of the indictment, which mirrors subsection 1(a) of § 164.325.[1] This means the court found that by starting the fire, Tang intentionally damaged the property of someone else. In turn, this constitutes a crime of violence under 18 U.S.C. § 16.[2]

Tang is deportable due to his conviction of an aggravated felony. We need not address the BIA's conclusion that Tang is also deportable for committing two crimes of moral turpitude.

DISMISSED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Tang faults the BIA for mistakenly relying on *Matter of Palacios–Pinera,* 22 I. & N. Dec. 434 (BIA 1998), something we do not decide as our review is *de novo.*

2. We do not consider Tang's further argument that the government failed to submit enough

additional evidence to show he was found guilty under subsection (1)(a), because he made no such argument before the BIA.